UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRAUN BUILDERS, INC.,

        Plaintiff,

                                                                            Case Number 09-11534
v.                                                             Honorable Thomas L. Ludington

VIVKEKANAND KANCHERLAPALLI, *et al.*,

        Defendants.
_____/

## ORDER GRANTING MOTION TO AMEND COMPLAINT, DENYING MOTION TO DISMISS, GRANTING MOTION FOR ENLARGEMENT OF TIME, AND CANCELLING HEARING

On April 23, 2009, Defendant United States of America removed Plaintiff Braun Builder's complaint to this Court. Dkt. # 1. Plaintiff alleges that it contracted with Defendants Vivkekanand and Sharon Kancherlapalli ("Defendants") to construct a residence. After construction began, Defendants indicated that they were financially unable to make the payments required by the construction contract. Plaintiff recorded a construction lien against Defendants' property in May of 2008, reflecting an unpaid balance of $142,952.67. The complaint alleges causes of action for breach of contract, foreclosure of the construction lien, unjust enrichment, and quantum meruit.

On May 29, 2009, Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendants contend that Plaintiff's breach of contract claim should be dismissed because the contract provided that "completion of the contract would take 90 days" and "by its own admission at paragraphs 9 and 23 of its Complaint, has failed to complete said contract within 90 days, and as such, it is in breach of its contract." Dkt. # 14 at ¶¶ 4-5. Defendants also assert that "any alleged claims that they [sic] now claim are existent, are barred by virtue of the Statute of

Frauds." *Id.* at ¶ 7 (citing Mich. Comp. Laws § 566.106). The motion does not contain any further factual development, citation to relevant authority, or legal argument.

On June 14, 2009, Plaintiff responded to the motion, asserting that the complaint alleges that the written contract was modified by oral agreement as the scope of the project progressed. Plaintiff emphasizes the complaint alleges that Defendants continued payments more than ninety days after the construction began. Plaintiff also argues that Defendants have not demonstrated the complaint should be dismissed because the motion does not advance any legal authority beyond a citation to Fed. R. Civ. P. 12 or develop an argument in support of the request to dismiss the complaint.

On June 25, 2009, Plaintiff also filed a motion to file an amended complaint "as alternative to granting Defendants' Rule 12(b)(6) motion." The proposed amended complaint alleges as follows:

> 11. The scope of the project changed after the written contract was entered into to include the construction of a much larger living space.
>
> 12. The parties agreed to the additional construction and the additional agreement necessarily negated the original 90 day estimate for completion of the project."

Dkt. # 23-2 at 3. Plaintiff contends that these allegations cure any deficiency.

On July 17, 2009, Defendants filed a response opposing amendment. Defendants contend that "Plaintiff is seeking to re-write history of their Amended Complaint and have done so without providing any evidentiary support for the amendment." Dkt. # 27 at ¶ 2. Defendants further assert the allegation of an oral modification "fail[s] to allege that there is an agreement to the extension from the 90 [sic] completion date." *Id.* at ¶ 6.

For the reasons stated below, the Court will **DENY** the motion to dismiss, **GRANT** the motion to amend the complaint, **GRANT** the motion for extension of time, and **CANCEL** the

hearing.

A

According to an exhibit attached to the complaint, Plaintiff and Defendants entered into the an agreement for the construction of a residence on September 1, 2007.  Dkt. # 1 at 15.  The agreement provided that "[c]ompletion will be approximately 90 days after signing of this contract (weather permitting)."  *Id.*  The complaint alleges that Defendants periodically tendered payments required by the contract, but failed to make any further progress payments after February of 2008.  *Id.* at 6.  Plaintiff further alleges that Defendants informed Plaintiff that they "lacked the funds to continue the project."  *Id.*  Consequently, Plaintiff halted construction of the residence on February 19, 2008.  *Id.*

B

Defendants contend that the allegation that Plaintiff did not complete construction of the residence demonstrates that Plaintiff breached the contract and the complaint should be dismissed.  Fed. R. Civ. P. 12(b)(6) directs the dismissal of claims that do not "state a claim upon which relief can be granted."  "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief."  *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996).  "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions."  *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995);

*see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Defendants have not demonstrated that dismissal is appropriate. Defendants have not offered any legal authority supporting their assertion that the breach of contract claim should be dismissed because the complaint alleged that Plaintiff stopped construction when Defendants expressed their intent not to satisfy their contractual obligations. In addition, Defendants have not advanced any authority or advanced any argument that the remaining claims for foreclosure of construction lien, unjust enrichment, or quantum meruit also fail as a matter of law. Likewise, Defendants' assertion that Mich. Comp. Laws § 566.106 bars Plaintiff's complaint is without any explanation or argument. Defendants have not demonstrated that Plaintiff's complaint does not state a claim upon which relief can be granted. The Court will **DENY** the motion to dismiss.

C

Before addressing Plaintiff's motion to amend the complaint, the Court will **GRANT** Defendants' motion for an extension of time to file a response brief to Plaintiff's motion to amend the complaint. Dkt. # 26. While the motion represents that Plaintiff consents to the extension of time, the Court reminds Defendants' counsel that he must seek concurrence from all parties. In the event that all parties concur, counsel is to submit a stipulation and proposed order through the CM/ECF system. *See* E.D. Mich LR-Appendix ECF R11(a)(2).

D

Next, Plaintiff requests leave to amend the complaint. While Plaintiff predicates the request on the success of Defendants' motion to dismiss, the Court will nevertheless grant the motion. Leave to amend a complaint shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "A motion to amend a complaint should be denied if the amendment is brought in bad

faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995) (citing *Ford v. Ford*, 371 U.S. 187 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir.1993)).

Here, Plaintiff seeks to add allegations concerning an oral modification of the contract. While Defendants contend that such amendment would be futile because that assertion if not supported by evidence, this argument is irrelevant under the applicable standard. Futility is evaluated under the same standard as a motion to dismiss for failure to state a claim. *Id.* As discussed above, Defendants have not demonstrated that the claims are legally deficient. Thus, the Court will grant the motion to amend the complaint.

E

Accordingly, it is **ORDERED** that Defendants' motion to dismiss [Dkt. # 14] is **DENIED**, Plaintiff's motion for leave to file an amended complaint [Dkt. # 23] is **GRANTED**, and Defendants' motion for enlargement of time [Dkt. # 26] is **GRANTED**. Plaintiffs shall file their amended complaint on or before **August 3, 2009**.

It is further **ORDERED** that the August 10, 2009 hearing is **CANCELLED**.

                                      s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge

Dated: July 22, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 22, 2009.

          s/Tracy A. Jacobs
          TRACY A. JACOBS