UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRAUN BUILDERS, INC.,

        Plaintiff,

v.

        Case Number 09-11534-BC
        Honorable Thomas L. Ludington

VIVKEKANAND KANCHERLAPALLI,
SHARON KANCHERLAPALLI, THUMB
NATIONAL MORTGAGE, LLC, INTERNAL
REVENUE SERVICE, UNITED STATES OF
AMERICA, AND CLINT BRAUN,

        Defendants,

and

VIVKEKANAND KANCHERLAPALLI
AND SHARON KANCHERLAPALLI,

        Third-Party Plaintiffs,

v.

CLINT BRAUN,

        Third-Party Defendant,

and

VIVKEKANAND KANCHERLAPALLI
AND SHARON KANCHERLAPALLI.

        Counter-Claimants,

v.

BRAUN BUILDERS, INCORPORATED
AND CLINT BRAUN

        Counter-Defendants.

_____ /

**ORDER DENYING AS MOOT MOTION
TO STRIKE REPLY, GRANTING
MOTION TO STRIKE EXPERT
WITNESSES, AND DENYING AS MOOT
MOTION FOR EXTENSION OF TIME
TO FILE RESPONSE TO MOTION FOR
LEAVE TO FILE AMENDED
COMPLAINT**

### ORDER DENYING AS MOOT MOTION TO STRIKE REPLY, GRANTING MOTION TO STRIKE EXPERT WITNESSES, AND DENYING AS MOOT MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Braun Builders' March 26, 2009 complaint, originally filed in Huron County Circuit Court, alleges claims for breach of contract, foreclosure of a construction lien, and assorted equitable relief. The case was removed to this Court by the U.S. Internal Revenue Service, which asserted a tax lien on the underlying property. [Dkt. # 1]. Also joined as a defendant was Thumb National Mortgage, which asserted a mortgage lien on the property. Cross motions for summary judgment filed by Defendants Vivkekanand and Sharon Kancherlapalli and Plaintiffs Braun Builders and Clint Braun are currently pending. [Dkt. # 36 & 37]. Those motions are set for hearing on March 8, 2010. Now before the Court are Plaintiffs' motions to strike expert witnesses [Dkt. # 54] and to strike the Kancherlapallis' reply to Plaintiffs' response to the Kancherlapallis' motion for summary judgment [Dkt. # 55].

The motion to strike the reply brief [Dkt. # 55] will be denied as moot because it was withdrawn by Plaintiffs Braun Builders and Clint Braun [Dkt. # 57]. It should be noted, however, that the Federal Rules of Civil Procedure were amended, effective December 1, 2009. The briefing submitted by the parties relies on the old version of the rules. [Dkt. # 56 & 57].

Plaintiffs' motion to strike the Kancherlapallis' expert witnesses [Dkt. # 54] will be granted. The Kancherlapallis' did not make the expert witness disclosures required by the federal rules and the scheduling order entered in this case. Fed. R. Civ. P. 26(a)(2)(B) & 37(c); [Dkt. # 30]. Defendants' expert witness disclosures, as described in Rule 26(a)(2)(B), were due on October 30, 2010. Although the Kancherlapallis named an expert witness in their initial disclosures, they did

not provide the written expert report by the required date.  Pursuant to Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or harmless."

The Kancherlapallis filed a response on February 3, 2010 indicating that they do not intend to call an expert witness, and contending the motion to strike is moot.  [Dkt. # 59].  However, the motion will be granted because it correctly contends that expert witnesses may not be called unless an expert report is timely provided.  Fed. R. Civ. P. 37(c).  Although the Kancherlapallis named an expert witness in their initial disclosures, they did not provide Plaintiffs with an expert report.  Consequently, the Kancherlapallis may not introduce evidence provided by their proposed expert.

Accordingly, it is **ORDERED** that the motion to strike expert witnesses [Dkt. # 54] is **GRANTED**.

It is further **ORDERED** that the motion to strike Defendants' reply to Plaintiffs' response [Dkt. # 55] is **DENIED AS MOOT**.

It is further **ORDERED** that, to the extent it is still pending, Defendants' motion for an extension of time to file a response to Plaintiffs' motion for leave to file an amended complaint [Dkt. # 26] is **DENIED AS MOOT**.  The relief requested was already granted by the Court [Dkt. # 28].

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 4, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 4, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS