UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRAUN BUILDERS, INC.,

       Plaintiff,

v.

       Case Number 09-11534-BC
       Honorable Thomas L. Ludington

VIVKEKANAND KANCHERLAPALLI,
SHARON KANCHERLAPALLI, THUMB
NATIONAL MORTGAGE, LLC, INTERNAL
REVENUE SERVICE, UNITED STATES OF
AMERICA, AND CLINT BRAUN,

       Defendants,

and

VIVKEKANAND KANCHERLAPALLI
AND SHARON KANCHERLAPALLI,

       Third-Party Plaintiffs,

v.

CLINT BRAUN,

       Third-Party Defendant,

and

VIVKEKANAND KANCHERLAPALLI
AND SHARON KANCHERLAPALLI.

       Counter-Claimants,

v.

BRAUN BUILDERS, INCORPORATED
AND CLINT BRAUN

       Counter-Defendants.
_____ /

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Braun Builders' July 24, 2009 amended complaint alleges claims for breach of contract, foreclosure of a construction lien, unjust enrichment, and quantum meruit. The case was removed to this Court by the U.S. Internal Revenue Service ("I.R.S."),[1] which asserted a tax lien on the underlying property and was joined as a defendant in Plaintiff's amended complaint. [Dkt. # 1]. Also joined as a defendant was Thumb National Mortgage, which asserted a mortgage lien on the property. Defendants Vivkekanand and Sharon Kancherlapalli ("Kancherlapallis") filed a counter complaint against Braun Builders and Clint Braun on May 28, 2009, alleging claims for fraud, defamation of title, violation of the Michigan Consumer Protection Act, and breach of contract. Currently before the Court are opposing motions for summary judgment filed by the Kancherlapallis and Braun Builders and Clint Braun [Dkt. # 36 & 37].

The hearing scheduled for March 8, 2010 will be cancelled because the parties papers present the necessary factual and legal information for determination of the motion without oral argument. E.D. Mich. L.R. 7.1(f)(2). Braun Builders' motion for summary judgment will be granted in part and denied in part because certain claims fail as a matter of law. The contract dispute, however, is ultimately a dispute of fact that is not properly decided on summary judgment. The Kancherlapallis' motion for summary judgment will be denied for the same reason.

**I**

In early 2007, the Kancherlapallis purchased a home in Caseville, Michigan, on the shore

---

[1] Intervention by the I.R.S. also provides this Court with subject matter jurisdiction over what would otherwise be exclusively state law claims.

of Lake Huron, for approximately $400,000.[2] The Kancherlapallis borrowed $480,000 from Defendant Thumb Nation Mortgage, LLC on March 26, 2007. The mortgage was recorded on March 27, 2007 [Dkt. 37-1 Ex. B]. Although the use of the mortgage loan proceeds has not been explained by the parties, the funds were apparently borrowed to facilitate the purchase of the home and to provide additional capital for improvements. Shortly thereafter, the Kancherlapallis met with Clint Braun, the owner and manager of Braun Builders, to discuss plans for an addition to their new home. According to draftsman Corey Haubenstricker, who produced the initial plans for the addition, the first drawings featured substantial modifications to the first floor of the home. [Dkt. # 46-2]. The existing attached garage would become living space and an addition would be added for a new garage. *Id.* After meeting with the Kancherlapallis, he understood that the scope of the project had changed and that the garage would remain as it was. Instead, a second floor would be added to create additional living space. *Id.* Haubenstricker produced plans according to his understanding of the project and delivered them to Clint Braun in May or June of 2007. Those plans called for adding a second floor to the home, but left the lower level untouched.

Work began in August, and the Kancherlapallis made an initial payment of $40,000 to Braun Builders on August 20, 2007. The payment was apparently a draw on the Thumb National mortgage. Clint Braun Dep. at 35; [Dkt. # 49-3]. The Kancherlapallis entered into a written agreement with Braun Builders on September 1, 2007. [Dkt. # 36-7]. The agreement called for Braun Builders to "construct the structure in conformance with the plans [and] specifications" in a

---

[2]Although not specifically stated by either party, the title to the home is apparently held by the Kancherlapallis in a tenancy by the entirety. The mortgage lien indicates the home belongs to "Vivekanand [sic] Kancherlapalli and Sharon A. Passett-Kancherlapalli, husband and wife." [Dkt. # 37-1 Ex. B].

"workmanlike manner." In return, the Kancherlapallis were to pay Braun Builders $285,690. Work continued for some time without incident. Braun Builders obtained an updated "truss plan" from Bear Truss on November 5, 2007. [Dkt. # 36-8]. The updated truss plan apparently called for Braun Builders to add space on the lower level of the house, as well as the addition on the second floor. On December 24, 2007, Braun Builders received a second draw from Thumb National of approximately $38,000. Clint Braun Dep. at 35–45; [Dkt. # 49-3]. The $38,000 was obtained without submitting an invoice. *Id.* It is not clear from the record why the draw was for that particular amount or whether it exhausted the $480,000 available from Thumb National.

In February, Braun Builders requested another payment, and the Kancherlapallis informed Braun Builders that they would not make any additional payments. Braun Builders stopped work on the project, and on May 15, 2008, filed a construction lien on the property for approximately $143,000. [Dkt. # 36-9]. The $143,000 lien itemizes approximately $100,000 for labor and miscellaneous materials, $83,000 for building materials, $40,000 for subcontractors, and a few additional expenses for a total amount $231,715, less $88,762.33[3] that had already been paid by the Kancherlapallis. [Dkt. # 1-F]. On August 18, 2008 the United States filed a tax lien against the property in the amount of $204,342.53, seeking to recover unpaid income taxes from Sharon Kancherlapalli for tax year 2006. [Dkt. # 1-A]. In total, the property is subject to three liens totaling $827,295.20.

Braun Builders and the Kancherlapallis contest the scope of the "plans" referenced in the September 1, 2007 construction agreement. The Kancherlapallis contend that they understood at

---

[3]This amount includes the $40,000 August payment, the $38,000 December payment, and a $10,000 payment made directly to a plumbing subcontractor by the Kancherlapallis.

that time that Braun Builders would add a second floor to their home as well as an addition to the first floor. They further contend that they understood that Braun Builders would complete the construction in ninety days for a total cost of $285,690. As a result, the Kancherlapallis contend it was appropriate for them to refuse payment in February because the project had already taken nearly twice as long as the agreement provided. Braun Builders, on the other hand, contends that the September 1 agreement covered only the second floor addition outlined in the Haubenstricker plans, and that the first floor addition contained in the Bear Truss plan was requested later. Braun Builders further contends that the later agreement substantially increased the project's cost and the time it would take to complete.

The current motions were brought by the Kancherlapallis, contending they are entitled to summary judgment on Braun Builders complaint [Dkt. # 37], and by Braun Builders, contending it is entitled to summary judgment as to the Kancherlapallis counter claims and its own contract claim [Dkt. # 36]. The Kancherlapallis' motion contends that Braun Builders' contract claim should be dismissed because the written contract calls for a completion date of December 1, 2007, and it is undisputed Braun Builders did not complete the project by that date. The Kancherlapallis further contend that the Braun Builders' claims for equitable relief should be dismissed because unjust enrichment claims cannot be sustained where there is a written contract. Finally, the Kancherlapallis contend that the action to foreclose on the construction lien should be dismissed because Braun Builders never completed the project. Braun Builders' motion contends that the Kancherlapallis Michigan Consumer Protection Act claim cannot be sustained because Braun Builders is licensed by the state to construct residential buildings. Braun Builders further contends that the slander of title claim fails because it is barred by a one-year statute of limitations, and the fraud claim fails

because a tort claim cannot be brought based on a purely contractual duty. Finally, Braun Builders contends that it is entitled to summary judgment on the Kancherlapallis breach of contract claim because the Kancherlapallis only evidence that the written contract was not later modified by oral agreement is their own testimony.

**II**

A motion for summary judgment[4] should be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The party seeking summary judgment has the initial burden of informing the Court of the basis for its motion, and identifying where to look in the record for relevant facts "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. Pro. 56(e)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the opposing party does not raise genuine issues of fact and the record indicates that the moving party is entitled to judgment as a matter of law, the court shall grant summary judgment. *Anderson*, 477 U.S. at 250.

The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The party opposing the motion may

---

[4]The Kancherlapallis suggest their motion is also a motion to dismiss pursuant to rule 12(b)(6), but their argument focuses on the Rule 56 standard.

not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for" that party. *Anderson*, 477 U.S. at 252.

### III

In Michigan, the construction or interpretation of a contract is a question of law that should be decided by the Court. *Bandit Indus., Inc. v. Hobbs Int'l, Inc.*, 463 Mich. 504, 511 (2001). However, questions of fact concerning ambiguous provisions in the contract and the parties intentions with respect to those provisions are for a jury. *See Port Huron Educ. Ass'n v. Port Huron Area Sch. Dist.*, 452 Mich. 309, 323 (1996) ("Where the contract language is unclear or susceptible to multiple meanings, interpretation becomes a question of fact.") (citation omitted).

A valid contract requires an offer, acceptance, and consideration. *See Kloian v. Domino's Pizza L.L.C.*, 273 Mich. App. 449, 452–55 (2006). There must also be "mutual assent or a meeting of the minds on all the essential terms." *Id.* at 453. A valid written contract may be modified orally, as long as the modification is by mutual consent. *Id.* at 454–55 (citing *Chatham Super Markets, Inc. v. Ajax Asphalt Paving, Inc.*, 370 Mich. 334, 339 (1963)). A party contending a written contract has been orally modified must demonstrate by clear and convincing evidence that the parties reached a "mutual agreement" to change the terms of the original contract. *Quality Prods. & Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 362, 373 (2003).

The Kancherlapallis contend that they are entitled to summary judgment on Braun Builders' breach of contract claim because the project was not completed in ninety days, and consequently

Braun Builders' breached the September 1, 2007 written agreement. They assert that Braun Builders' breach entitles them to withhold remaining payments due under the agreement. Braun Builders, on the other hand, contends that it is entitled to summary judgment on the Kancherlapallis' breach of contract claim as well as its own breach of contract claim because the only evidence that the September 1, 2007 written agreement included the first floor addition as well as the second floor addition is the Kancherlapallis own testimony.

> The contract provides:
>
> This agreement made this day of September 1, 2007, by and between Anand and Sharon Kancherlapalli, of 5862 Port Austin Rd.[,] Caseville, MI 48725, herein referred to as "owner", and Clint Braun, of Braun Builders Inc., herein referred to as "contractor".
>
> Owner and contractor in consideration of the mutual covenants hereinafter set forth agree as follows:
>
> **SECTION ONE:** *STRUCTURE AND SITE*
> Contractor shall furnish all labor and materials necessary to construct and remodel upon the following described property, which owner warrants he owns, free and clear of liens and encumbrances of 5862 Port Austin Rd.[,] Caseville, MI 48725.
>
> **SECTION TWO:** *PLANS*
> Contractor shall construct the structure in conformance with the plans, specifications, and will do so in a workmanlike manner.
>
> **SECTION THREE:** *PAYMENT*
> Owner shall pay contractor the sum of two hundred eighty five thousand six hundred ninety Dollars ($285,690).
>
> **SECTION Four:** *COMPLETION*
> Completion will be approximately 90 days after signing of this contract (weather permitting).

Braun Builders Construction Contract; [Dkt. # 1-C].

The parties agree that the contract was valid at the time it was signed, but dispute the meaning of the term "plans" in Section Two. The contract does not define the term "plans." The

evidence presented by the parties suggests that the parties had a different understanding of the term "plans" at the time they signed the document. Clint Braun believed the plans at that point included the addition of a second floor only, pursuant to the second set of plans drafted by Haubenstricker. The Kancherlapallis believed the plans included additional first floor space as well as a second floor, as the original set of plans drafted by Haubenstricker envisioned.

Braun Builders has offered a substantial amount of evidence supporting its interpretation of the contract. The original blueprints submitted to Huron County for the building permit did not contain the first floor addition. [Dkt. 36-3]. Haubenstricker believed, at the time construction began, that the first floor addition had been abandoned and the project would include a second floor addition only. [Dkt. # 46-2]. Braun Builders employees Bill Gruber and Corey Braun believed that the plan was to add a second floor, and that the plan was later changed by the Kancherlapallis to include an addition to the first floor of the home. [Dkt. # 36-10 & 36-11]. On the other hand, both the Kancherlapallis testified that they believed the "plans" referenced in the September 1, 2007 document included both a second floor addition and a first floor addition, and that the scope of the project was not changed after the document was signed. [Dkt. # 36-2 & 36-4]. Braun Builders challenges the Kancherlapallis credibility, but credibility determinations are for the jury, not the Court.

In short, two contested issues of fact remain. First, what did the parties understand the term "plans" to mean when they entered into the September 1 written agreement? Second, if, as Braun Builders contends, they intended the plans at that time to include a second floor only, were those plans and the underlying contract modified by oral agreement? Ambiguous contract terms that raise questions of fact are not properly decided by the Court. *See Port Huron Educ. Ass'n*, 452 Mich. at

323. Consequently both parties motions as to the contract claims must be denied.

### IV

Where there is not an express contract between the parties, a party unjustly wronged by another may still recover the value of the services that party provided in an action for unjust enrichment.[5] *HJ Tucker & Assoc. v. Allied Chucker & Engineering Co.*, 234 Mich. App. 550 (1999). A plaintiff seeking to recover pursuant to an unjust enrichment theory must demonstrate that the defendant received some benefit from the plaintiff and "an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Barber v. SMH (US), Inc.*, 202 Mich. App. 366, 375 (1993) (citing *Dumas v. Auto Club Ins. Ass'n*, 437 Mich. 521, 546 (1991)). "In such instances, the law operates to imply a contract in order to prevent unjust enrichment." *Id.*

There can be no unjust enrichment claim if there is a valid contract. *See Dumas*, 437 Mich. at 546. Here, the parties dispute the extent to which the September 2, 2007 written agreement provided for construction of a first floor addition. As a result, it is possible that Braun Builders could recover on an unjust enrichment claim if it is determined there was never a contract for the first floor portion of the project. Braun Builders provided a benefit to the Kancherlapallis; Braun Builders performed some work on the Kancherlapallis Caseville home. Similarly, the Kancherlapallis have provided some benefit to Braun Builders; they paid Braun Builders about

---

[5]To the extent Braun Builders intended to raise separate claims for unjust enrichment and quantum meruit, it has not explained how those claims differ. While they may have different historical derivations, they are both equitable remedies designed to reasonably compensate a party who has supplied some service or benefit to another party and the return service or benefit that party reasonably expected to receive has been unjustly withheld. *See Nat'l Concrete Constr. Assocs. v. Walbridge Aldinger Co.*, No. 2004-060980-CK, 2006 WL 3103045, at *3 (Mich. Ct. App. Nov. 2, 2006) (noting unjust enrichment is "merely another name" for quantum meruit).

$78,000.[6]

The remaining questions of fact concern whether there was a contract covering the first floor addition, and if there was not, the extent to which the benefits conferred on each party by the other have been unjustly received. Braun Builders contends they are owed $142,000 for the work they have already completed. The Kancherlapallis contend they overpaid for what they received. Those are factual questions for a jury.

V

The Kancherlapallis argue in their motion that Braun Builders' claim for foreclosure of the construction lien filed on May 15, 2008 should be denied because Braun Builders did not complete the work it was contractually obligated to perform. Mich. Comp. Laws § 570.1120. The motion will be denied. As discussed in part III, the Kancherlapallis have not demonstrated Braun Builders was contractually obligated to perform additional work or that the Kancherlapallis' refusal to pay in February did not entitle Braun Builders to stop work on the job.

Braun Builders' motion for summary judgment as to the Kancherlapallis' fraud claim will also be denied. Braun Builders asserts that the fraud claim cannot be sustained because a plaintiff cannot sue in tort for the breach of a contractual duty. *See Brock v. Consol. Biomed. Labs.*, 817 F.2d 24, 25–26 (6th Cir. 1987). "[A]n action in tort will not arise for a breach of contract unless the action in tort would arise independent of the existence of the contract." *Id.* at 25. The Kancherlapallis have abandoned their fraud claims related to the time it would take to complete the project, the cost of the project, and Braun Builders duty to provide materials for the project,

---

[6]The Kancherlapallis did not raise an unjust enrichment or quantum meruit claim in their complaint.

-11-

apparently because the purported duties are purely contractual. Counter Cmpl. ¶¶ 53–55.

However, the Kancherlapallis have properly set forth a claim for fraud in the inducement under Michigan law. *Huron Tool & Engineering v. Precision Consulting Servs., Inc.*, 209 Mich. App. 365, 372–73 (1995). The Kancherlapallis testified that Braun Builders assured them an architect would be hired for the project, and that they would not have entered into the contract with Braun Builders if they had known Corey Haubenstricker was not an architect. Braun Builders contends that Clint Braun never represented that Haubenstricker was an architect, and if the Kancherlapallis believed Haubenstricker was an architect, it was not because Clint Braun intentionally misled them. Once again, those are issues of fact that should not be decided at this stage.

Finally, the Kancherlapallis counter-claim includes counts for violation of the Michigan Consumer Protection Act, Mich. Comp. Laws §§ 945.901–.922, and defamation of title. Braun Builders' motion for summary judgment will be granted as to each of these claims. The Kancherlapallis concede that these claims should be dismissed.

The Consumer Protection Act claim cannot be sustained because the statute exempts transactions that are "specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." Mich. Comp. Laws § 445.904(1)(a). "[U]nder [§] 445.904(1)(a), residential home builders are exempt from the MPCA because the general transaction of residential home building, including contracting to perform such transaction, is 'specifically authorized' by the Michigan Occupational Code (MOC), [Mich. Comp. Laws §] 339.101 et seq." *Liss v. Lewiston-Richards, Inc.*, 478 Mich. 203, 205–06 (2007).

The Kancherlapallis defamation of title claim will also be dismissed because the claim is

barred by the one-year statute of limitation on defamation of title claims. The claim was filed on May 28, 2009, more than one year after the lien was recorded on May 15, 2009. *Bonner v. Chicago Title Ins. Co.*, 194 Mich. App. 462, 471 (1992).

## VI

Accordingly, it is **ORDERED** that Braun Builders' motion for summary judgment [Dkt. # 36] is **GRANTED IN PART AND DENIED IN PART**. The motion is granted as to the Kancherlapallis' counter claims for violation of the Michigan Consumer Protection Act and defamation of title, but denied as to the parties' opposing contract claims and the Kancherlapallis' unjust enrichment and fraud claims.

It is further **ORDERED** that the Kancherlapallis' motion for summary judgment [Dkt. # 37] is **DENIED**.

It is further **ORDERED** that the hearing scheduled for March 8, 2010 at 3:00 p.m. is **CANCELLED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 5, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 5, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS

---