UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRAUN BUILDERS, INC.,

       Plaintiff,

v.                                              Case Number 09-11534-BC
                                              Honorable Thomas L. Ludington

VIVKEKANAND KANCHERLAPALLI,
SHARON KANCHERLAPALLI, THUMB
NATIONAL MORTGAGE, LLC, and U.S.
INTERNAL REVENUE SERVICE,

       Defendants,

and

VIVKEKANAND KANCHERLAPALLI
AND SHARON KANCHERLAPALLI,

       Third-Party Plaintiffs,

v.

CLINT BRAUN,

       Third-Party Defendant,

and

VIVKEKANAND KANCHERLAPALLI
AND SHARON KANCHERLAPALLI,

       Counter-Claimants,

v.

BRAUN BUILDERS, INCORPORATED,

       Counter-Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR JUDGMENT AND LIEN FORECLOSURE**

On June 3, 2010, a eight-member jury entered a unanimous verdict in favor of Plaintiff Braun Builders, Inc. on its breach of contract claim against Defendants Vivkekanand and Sharon Kancherlapalli for $172,500. On June 14, 2010, Plaintiff filed a motion for entry of judgment, foreclosure of the construction lien, and attorney fees. Defendants filed a response, opposing entry of judgment, attorney fees, and the foreclosure of the construction lien on June 28, 2010. Defendants contend that the motion for attorney fees is premature, does not comply with the procedures described in the local rules, improperly seeks costs, overstates the appropriate interest, and does not demonstrate entitlement to foreclosure of the lien. The United States also filed a response, indicating it does not oppose foreclosure of the lien but that the lien amount should be capped at the amount of the jury's verdict.

Plaintiff's motion will be granted in part and denied in part. It is appropriate to enter a judgment for the amount of the jury's verdict plus interest and attorney fees, but the judgment will not include costs. To recover costs, Plaintiff must file a bill of costs in compliance with the Bill of Costs Handbook. *See* E.D. Mich. L.R. 54.1. Plaintiff is also entitled to foreclosure of the construction lien, but the amount is limited to the initial lien request plus interest and attorney fees.

**I**

Plaintiff contends in its motion that the Court should enter a judgment for the amount of the jury verdict, $172,500, plus accrued costs and attorney fees, $42,804.17, and interest, $7,057.83, for a total judgment of $222,256.83. Plaintiff further contends that the Court should foreclose the construction lien and assign priority to three liens on the property. Plaintiff contends that its construction lien is junior to the $480,000 mortgage lien held by Thumb Nation Mortgage, LLC, but senior to the tax lien held by the United States. It asserts that the lien amount should be increased

to the value of the requested judgment.

Defendants raise several objections in their response to Plaintiff's motion. Defendants first contend that the motion is premature because no judgment has been entered. Pursuant to Local Rule 54.1.2, a motion for attorney fees must be filed "no later than 28 days after entry of judgment." The Local Rule does not, however, require that the motion be delayed until after judgment is entered. In a case like this, where the jury has reached a verdict and the verdict has been filed on the docket, filing a motion for attorney fees before the judgment has been entered is an accepted practice. Defendants also assert that the motion for attorney fees is premature because they have not had an opportunity to file post-trial motions. There is still time to file post trial motions. *See* Fed. R. Civ. P. 59(b). The fact that a post trial motion has not yet been filed is not a good reason to deny Plaintiff's motion for fees.[1]

Defendants further contend that Plaintiff's motion should be denied because a motion for attorney fees is a procedural motion under *Erie v. Tomkins* and Plaintiff has not complied with the procedure set forth in Local Rule 54.1.2. 304 U.S. 64 (1938) (concluding that in a federal case founded on diversity jurisdiction, state law governs substantive matters but federal law governs procedural matters). As an initial matter, Defendants cite no authority to support their assertion that a motion for attorney fees is procedural. Indeed, the question of whether Plaintiff is entitled to attorney fees at all is a substantive question based on state law. *See* Mich. Comp. Laws § 570.1118(2). More importantly, Plaintiff's motion does comply with the essential procedures

---

[1] Notably, the Court has previously entertained motions for attorney fees filed before entry of judgment or the deadline for filing post-trial motions has passed. Indeed, in *McDole v. City of Saginaw*, No. 07-13697 (E.D. Mich. Mar. 13, 2009) [Dkt. # 68], the Court entertained such a motion filed by counsel for the Defendants in this case, who was the prevailing plaintiff's counsel in *McDole*. Although the request was rejected, the Court did not question the timing of the motion.

described in Eastern District of Michigan Local Rule 54.1.2.

The Local Rule provides:

(a) A motion for attorneys' fees and related non-taxable expenses pursuant to Fed. R. Civ. P. 54(d)(2) must be filed no later than 28 days after entry of judgment.

(b) A motion for an award of attorneys' fees shall be supported by a memorandum brief as to the authority of the court to make such an award, and as to why the movant should be considered the "prevailing party," if such is required for the award. The motion shall also be supported by an affidavit of counsel setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors which the court should consider in making the award. Within 14 days after filing of the motion, the party or parties against whom the award is requested shall respond with any objections thereto and accompanying memorandum setting forth why the award is excessive, unwarranted, or unjust.

E.D. Mich. L.R. 54.1.2. Plaintiff's motion for attorney fees correctly includes a memorandum setting forth the authority for an award of fees, and an affidavit of Plaintiff's counsel, detailing the time spent on each aspect of the case and the rate he customarily charges. The affidavit does not include information as to the prevailing rates in the community, but Plaintiff has attached excerpts from a Michigan Bar Association publication concerning average billing rates. Defendants have not set forth any reason to question the accuracy of those rates. [Dkt. # 115-C]. Indeed, the Court has relied on the same survey to determine prevailing rates in the past. *See Hyldahl v. AT&T*, No. 07-14948, 2009 WL 2567197, at *3 (E.D. Mich. Aug. 17, 2009). In short, there is no reason to deny Plaintiff's motion for attorney fees on procedural grounds.

Defendants also raise substantive objections to the motion, which are more persuasive. Defendants contend that the provision for attorney fees is limited to actions to enforce a construction lien, and the action for breach of contract—to which Plaintiff's attorney devoted most of his time—should be considered separately. Defendant further contends that the requested hourly

rate—$210—is too high.

The Michigan Construction Lien Act provides that a trial court "may allow reasonable attorneys' fees to a lien claimant who is the prevailing party." Mich. Comp. Laws § 570.1118(2). The Michigan appellate courts have interpreted that language broadly. *See Vugterveen Sys., Inc. v. Olde Millpond Corp.*, 459 Mich. 119 (1997); *Solution Source, Inc. v. LPR Assocs. Ltd. P'ship*, 252 Mich. App. 368, 373–74 (2002) (noting that the Construction Lien Act "is to be construed liberally to 'secure the beneficial results, intents, and purposes of this act.' ") (quoting Mich. Comp. Laws § 570.1302(1)). In *Solution Source, Inc.*, for example, the Michigan Court of Appeals upheld an attorney fee award of more than $25,000 following more that five years of litigation over a $15,000 lien. *Id.* The court compared the attorney fee provisions of the Construction Lien Act to similar provisions in the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901–.922, noting that the Lien Act is "designed to protect the rights of lien claimant to payment for expenses . . . ." *Id.* at 374. Quoting a Consumer Protection Act case, the court emphasized that the "underlying purpose" behind such attorney fee provisions "is to afford an indigent client the opportunity to seek protection and obtain a judgment where otherwise precluded because of monetary constraints." *Id.* (quoting *Smolen v. Dahlmann Apartments, Ltd.*, 186 Mich. App. 292, 297–98 (1990)).

In this case, Plaintiff sought to enforce a lien and collect amounts due for work performed pursuant to a construction contract. Defendants contested the lien, arguing, inter alia, that the contract was invalid and fraudulently induced. Determining the validity and interpreting the terms of the contract were necessary preliminary steps to making judgments about the enforceability of the lien. That is, without a contract, there can be no lien. *See* Mich. Comp. Laws § 570.1114. Accordingly, the attorneys fees reasonably arising from the contract action may be charged against

the Defendants pursuant to the Construction Lien Act.

The more difficult question is whether the requested attorney fees—$40,425—are reasonable under the circumstances. Other than their attempt to split the lien claim from the other claims alleged by Plaintiff in its initial complaint, the Defendants do not challenge the number of hours Plaintiff's counsel lists in his affidavit. Rather, Defendants focus on the hourly rate. Plaintiff's counsel, a solo practitioner, contends he generally charges clients $210 per hour, and that his rate is appropriate for an attorney in central Michigan with his level of skill and experience. Plaintiff's counsel emphasizes a Michigan Bar Association study from 2007, which found that the median hourly rate for litigation attorneys is $200 per hour. [Dkt. # 115-C]. The study further found that the median billing rate for a sole practitioner litigating cases is $193, and that the median rate for a litigator in practice for between ten and fourteen years is $175.

Defendants contend that the median rates are lower than the rate Plaintiff's attorney requests. Defendants emphasize that Plaintiff's counsel has not provided any specific evidence about his reputation in the community or skills as a litigator that would justify an upward departure from the median rate.

Under the Construction Lien Act, Plaintiff is entitled to reasonable attorney fees, but not necessarily fees that cover his attorney's usual billing rate. Moreover, Plaintiff's papers do not present any justification for departing from the median rate for attorneys engaged in a similar practice with similar levels of experience. Accordingly, the appropriate rate is $185 per hour, which is approximately the average of the median rate for solo practitioners who have been practicing for between ten and fourteen years and the median rate for solo practitioners litigating cases. Plaintiff's counsel contends he has worked 192.5 hours on this case, at $185 per hour, that equals a total award

of $35,612.50.

Defendants next contend that Plaintiff is improperly seeking taxable costs along with attorney fees, rather than following the procedure provided in Local Rule 54.1. The Local Rule directs the prevailing party to file a bill of costs pursuant to rules of civil procedure and the Clerk's "Bill of Costs Handbook." Fed. R. Civ. P. 54(d)(1). The clerk, rather than the Court, will then tax appropriate costs. Plaintiff's request for costs will therefore be denied without prejudice.

Plaintiff also contends the judgment should include prejudgment interest. *See* Mich. Comp. Laws § 600.6013. Plaintiff contends that interest should accrue on the $172,500 judgment from the date the complaint was filed until the date the judgment is entered. The complaint was filed on March 30, 2009. The interest due is as follows:

- April 1, 2009 through June 30, 2009: 91 days at 3.695% = $1,589.10
- July 1, 2009 through December 31, 2009: 184 days at 3.101% = $2,696.60
- January 1, 2010 through June 30, 2010: 181 days at 3.48% = $2,976.83
- July 1, 2010 through August 3, 2010: 34 days at 3.339% = $544.68.

Judgment will be entered in favor of Plaintiff Braun Builders and against Defendants Vivkekanand and Sharon Kancherlapalli for the amount of the jury's verdict, $172,500, plus attorney fees, $35,612.50, and interest, $7,807.21, for a total of $215,919.71.

## II

Plaintiff also seeks to foreclose the construction lien. The Defendants and the United States contest the appropriate amount of the lien under the statute. The claim of lien recorded with the Huron County Register of deeds and attached as an exhibit to the complaint was for $142,952.67. Mich. Comp. Laws § 570.1111(1). Although Plaintiff initially suggested in its papers that the lien

amount should be increased to include attorney fees, costs, and the additional sums included in the jury verdict, Plaintiff's counsel acknowledged at a July 22, 2010 status conference that the $29,547.33 difference between the initial lien and the jury verdict should not be included. Accordingly, Plaintiff seeks to foreclose a lien for $186,372.38, which includes the principal amount of the initial lien plus attorney fees and interest.

The United States contends that the amount of the lien should be capped by the amount of the jury verdict, or $172,500. The United States relies on a provision of the Construction Lien Act, which provides that "[a] construction lien acquired pursuant to this act shall not exceed the amount of the lien claimant's contract less payments made on the contract." Mich. Comp. Laws § 570.1107(1). The United States acknowledges that the statute provides for attorney fees, but contends that attorney fees may only be collected through a personal judgment against the individual Defendants and not foreclosure and sale of the property.

Plaintiff, by contrast, emphasizes that the Construction Lien Act is remedial and construed broadly by Michigan courts. *See Solution Source, Inc.*, 252 Mich. App. at 373–74. In *Solution Source, Inc.*, for example, the Michigan Court of Appeals held that attorney fees are available even if the successful Plaintiff chooses to enforce a judgment through garnishment rather than foreclosure. *Id.* at 382–83. The court concluded that a judgment awarding attorney fees can be entered not "only against real property" but also against individual defendants. *Id.*

Here, it is appropriate to include reasonable attorney fees and interest in the judgment of foreclosure. Although the principal amount of the lien is capped by the contract, interest and attorney fees associated with foreclosing the lien may also be charged against the property. *Id.*

**III**

Accordingly, it is **ORDERED** that Plaintiff's motion for judgment and lien foreclosure is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Plaintiff is entitled to reasonable attorney fees of $35,612.50 and prejudgment interest of $7,807.21

It is further **ORDERED** that Plaintiff is entitled to judgment against Defendants Vivkekanand and Sharon Kancherlapalli in the amount of $215,919.71.

It is further **ORDERED** that the construction lien shall be foreclosed in the amount of $186,372.38. Plaintiff's counsel is directed to meet and confer with counsel for the other parties, and provide a proposed order outlining the procedures and timetable for foreclosure and sale of the property pursuant to the Michigan Construction Lien Act, Mich. Comp. Laws §§ 570.1101–.1305., on or before **August 27, 2010**. The proposed order should be submitted to the court through the CM/ECF utilities function and also filed on the docket. Objections to Plaintiff's proposed order, which must include proposed alternative language, should be submitted in the same fashion on or before **September 10, 2010**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: August 11, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 11, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---