UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRAUN BUILDERS, INC.,

       Plaintiff,

v.

       Case Number 09-11534-BC
       Honorable Thomas L. Ludington

VIVKEKANAND KANCHERLAPALLI,
SHARON KANCHERLAPALLI, THUMB
NATIONAL MORTGAGE, LLC, and
U.S. INTERNAL REVENUE SERVICE,

       Defendants,

and

VIVKEKANAND KANCHERLAPALLI
and SHARON KANCHERLAPALLI,

       Third-Party Plaintiffs,

v.

CLINT BRAUN,

       Third-Party Defendant,

and

VIVKEKANAND KANCHERLAPALLI
and SHARON KANCHERLAPALLI,

       Counter-Claimants,

v.

BRAUN BUILDERS, INCORPORATED,

       Counter-Defendant.

_____ /

**OPINION AND ORDER GRANTING PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEY FEES, DENYING DEFENDANTS' MOTIONS FOR A STAY AND FOR A PROTECTIVE ORDER, AND DENYING PLAINTIFF'S MOTION TO COMPEL**

On June 3, 2010, a eight-member jury returned a unanimous verdict in favor of Plaintiff Braun Builders, Inc. for $172,500 on its breach of contract claim against Defendants Vivkekanand and Sharon Kancherlapalli. On Defendants' motion, the Court reduced the verdict to $142,953.67, but added $7,989.69 in prejudgment interest and $35,612.50 in attorneys fees for a total judgment of $186,555.86. The case is now before the Sixth Circuit on appeal, but Plaintiff's motion for supplementary attorney fees, Defendants' motions to stay and for a protective order, and Plaintiff's motion to compel must be resolved by this Court. For the reasons explained below, Plaintiff's supplemental motion for attorney fees will be granted, but the other motions will be denied.

**I**

The Court has already determined that Plaintiff is entitled to attorney fees under Michigan law because Plaintiff was the "prevailing party" on a Construction Lien Act claim. Mich. Comp. Laws § 570.1118(2). The Court has also determined that $185 per hour is an appropriate rate for Plaintiff's counsel. [Dkt. # 120]. The only issues raised by the supplementary motion for attorney fees are (1) whether the Construction Lien Act provides for post-judgment attorney fees and (2) whether 32.75 hours is excessive.

The Michigan Construction Lien Act provides that a trial court "may allow reasonable attorneys' fees to a lien claimant who is the prevailing party." Mich. Comp. Laws § 570.1118(2). The Michigan appellate courts have interpreted that language broadly. *See Vugterveen Sys., Inc. v. Olde Millpond Corp.*, 459 Mich. 119 (1997); *Solution Source, Inc. v. LPR Assocs. Ltd. P'ship*, 652 N.W.2d 474, 478 (Mich. Ct. App. 2002) (noting that the Construction Lien Act "is to be construed

liberally to 'secure the beneficial results, intents, and purposes of this act.' ") (quoting Mich. Comp. Laws § 570.1302(1)). In *Solution Source, Inc.*, for example, the Michigan Court of Appeals upheld an attorney fee award of more than $25,000 following more that five years of litigation over a $15,000 lien. *Id.* The court compared the attorney fee provisions of the Construction Lien Act to similar provisions in the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901–.922, noting that the Lien Act is "designed to protect the rights of lien claimants to payment for expenses . . . ." *Id.* at 478–79. Quoting a Consumer Protection Act case, the court emphasized that the "underlying purpose" behind such attorney fee provisions "is to afford an indigent client the opportunity to seek protection and obtain a judgment where otherwise precluded because of monetary constraints." *Id.* (quoting *Smolen v. Dahlmann Apartments, Ltd.*, 186 Mich. App. 292, 297–98 (1990)).

Although the Construction Lien Act has been interpreted broadly by the Michigan Courts, the Michigan Supreme Court has never directly addressed whether post-judgment attorney fees are available and the statute itself does not provide a direct answer.

> In construing questions of state law, the federal court must apply state law in accordance with the controlling decisions of the highest court of the state. If the state's highest court has not addressed the issue, the federal court must attempt to ascertain how that court would rule if it were faced with the issue. The Court may use the decisional law of the state's lower courts, other federal courts construing state law, restatements of law, law review commentaries, and other jurisdictions on the "majority" rule in making this determination. A federal court should not disregard the decisions of intermediate appellate state courts unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.

*Meridian Mut. Ins. Co. v. Kellman*, 197 F.3d 1178, 1181 (6th Cir. 1999). The Michigan Court of Appeals has interpreted the Construction Lien Act to provide post-judgment attorney fees. *Solution Source*, 652 N.W.2d at 477–78.

In *Solution Source*, the prevailing plaintiff sought post-judgment attorney fees and the defendant argued such fees were not available because they are not provided for by the statute. The Court, however, concluded otherwise, emphasizing the remedial purpose of a statute designed to protect the interests of lien holders and property owners alike. *Id.* at 478. In this case, Defendants contend that *Solution Source* was wrongly decided because the state court of appeals went beyond the plain language of the statute to award attorney fees in a situation were they are not specifically authorized by the statute. *See Rafferty v. Markovitz*, 602 N.W.2d 367, 369 (Mich. 1999) (noting that attorney fees are generally not recoverable in Michigan "in the absence of a statute or a court rule that expressly authorizes such an award").

Indeed, the statute does not "expressly" address one way or the other whether post-judgment attorney fees are available. Nor, for that matter, does it "expressly" address whether pre-judgment attorney fees are available. It simply provides that the Court "may allow reasonable attorneys' fees to a lien claimant who is the prevailing party" without distinguishing between pre-judgment and post-judgment fees. Mich. Comp. Laws § 570.118(2). In such a circumstance, the Michigan Court of Appeals correctly concluded in *Solution Source* that post-judgment fees are part of the "reasonable attorney fees" that the Court may award. Defendants' strained reading of the statute makes too much of the fact that it does not expressly say "post-judgment attorney fees may be awarded." Defendant has not provided "persuasive data" demonstrating that the Michigan Supreme Court would conclude otherwise. *Kellman*, 197 F.3d at 1181. As the court emphasized in *Solution Source*, unless post-judgment fees are provided, a contractor in Plaintiff's situation may be forced to abandon his claim to avoid lengthy and expensive appellate litigation. *Solution Source*, 652 N.W.2d at 481–82 ("A lien claimant without significant financial resources could end up being

forced to abandon his valid lien claim if met with resistance from the lienor at every turn.") (citing *Bosch v. Altman Constr. Corp.*, 298 N.W.2d 725 (1980)).

The next question is whether the hours billed by Plaintiff's attorney for post-judgment work, including Defendants' motion for a new trial, Plaintiff's motion for entry of judgment, and efforts to enforce the judgment once it was entered, are excessive. Plaintiff contends he is entitled to an additional 32.75 hours, or $6,058.75. Defendants object to several line items on the attorney's bill.

Defendants first object to the attorney fees associated with Plaintiff's efforts to collect on the personal judgment entered against the Defendants because a Construction Lien Act claim is an equitable claim enforceable through foreclosure on real property and not a personal judgment. *See* Mich. Comp. Laws § 570.1118(2) (noting that attorney fees are available to the prevailing party in "an action to enforce a construction lien through foreclosure"). In response, Plaintiff emphasizes that construction liens "can be satisfied by means other than foreclosure." *Solution Source*, 652 N.W.2d at 483 (citing Mich. Comp. Laws § 570.1121(1)).

Plaintiff's efforts to collect on the judgment arise out of the Construction Lien Act claim. Accordingly, the attorney fees associated with the garnishment activities are reasonable and may be charged to the Defendants. Mich. Comp. Laws § 570.1118(2). As an initial matter, the Michigan Court of Appeals permitted the prevailing party to collect attorney fees arising from garnishment activities in *Solution Source*. *Id.* at 482–83. Defendants have not provided a convincing rationale for reaching a different conclusion here. Moreover, the statute does provide alternative means of collecting Lien Act judgments—prevailing Plaintiff's are not limited to foreclosure as a remedy. Mich. Comp. Laws §§ 571.1121, .1124.

Defendants also object to the 3.20 hours Plaintiff's counsel billed for preparing for and then attending a hearing on July 23, 2010 because there was no hearing on that date. There was, however, a hearing the day before and Plaintiff's counsel did not identify any time for that hearing. The most logical explanation for the discrepancy is a typographical error in the billing records, or, as Plaintiff suggests in the reply brief, the time for the July 22 hearing was entered the next morning. In any event, Plaintiff is entitled to attorney's fees for the hearing. Defendants' second objection will be overruled.

Defendants also object to 1.10 hours billed for "file organization" on October 6, 2010. There are times when preparing for a case an attorney may be required to personally go through a client's file to ensure comprehensive and diligent representation of the client's interest. Plaintiff's attorney could, perhaps, be more specific, but "file organization" is not excluded from reimbursement.

Plaintiff's motion for supplemental attorney fees will be granted, and Plaintiff will be awarded an additional 32.75 hours, or $6,058.75.

## II

On December 21, 2010, Defendants filed a motion to stay the enforcement of the judgment pending their appeal to the Sixth Circuit. Although the motion is captioned "motion for stay of proceedings with bond and for injunctive relief during appeal," there is no bond. Rather, there is a letter indicating that Defendant Vivkekanand Kancherlapalli has access to funds held by American Diagnostic Medicine, Inc. ("ADM"). Defendants have also included ADM financial statements and promised to pledge Defendants' stock in ADM to secure payment of the judgment following appeal. Defendants claim Vivkekanand Kancherlapalli owns 49.5 percent of ADM and that his share of the company is worth $3,687,070.

It seems that if Mr. Kancherlapalli actually had access to the liquid assets he claims to have access to, securing an appeal bond for $185,000 would be feasible.[1] More importantly, Defendants have still not advanced a reason to excuse the bond requirement in this case or provided legal authority for the proposition that Plaintiff's proposed arrangement is the equivalent of a bond. *See Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988) (waiving bond requirement in case where City of Chicago was judgment debtor and listing factors to consider on whether waiver is appropriate); *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755 (D.C. Cir. 1980) (noting that district courts have the discretion to permit a stay without a bond under Rule 62, but no obligation to do so). The Court denied an earlier motion to stay, noting that appeal bonds are "almost always required" and that Defendants have not demonstrated a reason the bond should not be required here. There is no new information in this motion to suggest a different conclusion is warranted.

The final two motions—Defendants motion for a protective order and Plaintiff's motion to compel—relate to a debtor's examination that was scheduled to take place on December 28, 2010. Defendants filed the motion for a protective order seeking to be excused from the exam, and when Defendants did not attend the exam, Plaintiff filed a motion to compel their attendance. In light of the Court's conclusion regarding Defendants' motion to stay, there is no legitimate reason for Defendants to refuse to participate in a debtor's examination that may be noticed at some point in the future. Accordingly, both motions will be denied. Plaintiff may notice another debtor's exam,

---

[1] An affidavit attached to Defendants' reply brief in support of the stay suggests that Mr. Kancherlapalli attempted to secure an appeal bond but was unsuccessful because of the IRS tax lien. If banks do not deem Mr. Kancherlapalli creditworthy, neither should Plaintiff be forced to accept his unsecured promise.

-7-

after making every effort to find a date agreeable to all parties, and Defendants will attend.

Accordingly, it is **ORDERED** that Plaintiff's motion for supplemental attorney fees [Dkt. # 157] is **GRANTED**.

It is further **ORDERED** that Defendants' motion for a stay [Dkt. # 161] is **DENIED**.

It is further **ORDERED** that Defendants' motion for a protective order [Dkt. # 165] is **DENIED**.

It is further **ORDERED** that Plaintiff's motion to compel [Dkt. # 173] is **DENIED**.

It is further **ORDERED** that the hearing scheduled for February 14, 2011 at 3:00 p.m. was **CANCELED**. The hearing was unnecessary because the parties papers provide the necessary factual information and legal authority to resolve the motion. E.D. Mich. L.R. 7.1(f).

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: February 14, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 14, 2011.

        s/Tracy A. Jacobs
        TRACY A. JACOBS